UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

RAWLE HOYTE : DOCKET NO. 2:10-cv-01320

VS. : JUDGE TRIMBLE

ERIC HOLDER : MAGISTRATE JUDGE KAY

### REPORT AND RECOMMENDATION

Currently before the court is the petition for writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, filed by *pro se* petitioner, Rawle Hoyte. Doc. 1. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

Based on the evidence in the record and pursuant to the discussion herein, it is **RECOMMENDED** that the petition for *habeas corpus* be **DENIED.**

*Background*

Petitioner, Rawle Hoyte, born in Guyana, was permitted entry into the United States on or about April 4, 1979, as an immigrant and obtained the status of a lawful permanent resident. Doc. 7, att. 1, p. 1. On November 8, 2007, petitioner, found guilty of three counts of violating 21 U.S.C. §§ 841 & 846, was sentenced to concurrent terms of imprisonment of forty-two months each. *Id.* As a further result of his convictions, petitioner has been under a final removal order since August 26, 2009. *Id.*, p. 2.

On February 1, 2010, petitioner was placed into the custody of the United States Immigration and Customs Enforcement (ICE) upon the culmination of his federal imprisonment.

1

*Id.* On February 3, 2010, ICE requested the issuance of a travel document by the Embassy of Guyana. *Id.*, p.7. After numerous challenges to the removal decision [*see* doc. 7, att. 1, p. 3-6], petitioner filed a petition for writ of *habeas corpus* pursuant to 22 U.S. C. § 2241, asserting that his continued detention beyond six months is unconstitutional under the Supreme Court's ruling in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Doc. 1.

In response to the petition, respondent has submitted that on or about July 28, 2011, the Government of the Republic of Guyana issued an emergency certificate for petitioner's return to Guyana between the months of August through November 2011. Doc. 10. As a result, respondent argues that petitioner's removal to his home country, and release from ICE custody, is significantly likely within the reasonably foreseeable future. *Id.* Therefore, respondent urges that petitioner's request be denied. *Id.*

## *Law and Analysis*

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that in order for post-removal detention under 8 U.S.C. § 1231 to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. The Court went on to recognize six months as a presumptively reasonable period of detention following a final order of removal. *Zadvydas,* 533 U.S. at 701. It is a federal district court's duty to gauge, "[w]hether a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal [and thus] whether the detention is, or is not, pursuant to statutory authority. *Id.* at 699.

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued

> detention unreasonable and no longer authorized by statute. . . .
> And if removal is reasonably foreseeable, the habeas court should
> consider the risk of the alien's committing further crimes as a
> factor potentially justifying confinement within that reasonable
> removal period.

*Id.*

Thus, the *Zadvyads* decision "creates no specific time limits on detention [--] 'an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'"  *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (quoting *Zadvydas*, 533 U.S. at 701).  Furthermore, aliens bear the initial burden of proof in showing that there is no significant likelihood of removal in the reasonably foreseeable future.  *Zadvydas*, 533 U.S. at 701.  In the present case, petitioner has not carried his burden.  Instead, the undisputed evidence shows that petitioner is likely to be deported sometime before December 1, 2011.

Moreover, once it is established at any stage of any custody review that a travel document can be obtained (or has been obtained), a detained alien will generally not be subject to release.  8 C.F.R. § 241.4(g)(3) (2011).  Further, even when an alien has been released from institutional detention pending removal, once a travel document has been issued and is "appropriate to enforce a removal order," such release may be revoked.  8 C.F.R. § 241.4.  Finally, ICE may revoke an alien's release and return the alien to custody if there is a determination of a significant likelihood of removal within the reasonably foreseeable future.  8 C.F.R. § 241.13(i)(2).

Here, because the Republic of Guyana has issued an emergency travel permit for petitioner's return, and this travel document remains valid for the period from August through November, 2011, petitioner's removal is significantly likely in the reasonably foreseeable future

3

and his continued detention by ICE is appropriate.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.**

THUS DONE this 6th day of October, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

4